ORIGINAL

REISSUED FOR PUBLICATION
JUN 15 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 16-1714V
(not to be published)

**FILED**

APR 3 0 2018

U.S. COURT OF FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| REGINA FOSTER, *on behalf of and as mother and natural guardian of* H.G. *(a minor)*,   *       *       Petitioner,    *    v.       *    SECRETARY OF HEALTH    *    AND HUMAN SERVICES,   *       *       Respondent.    * | Special Master Corcoran    Filed: April 30, 2018    Dismissal of Petition; Vaccine Act; Denial Without Hearing; Failure to Prosecute. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Regina Foster,* pro se, Trenton, GA.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

**DECISION DISMISSING CASE FOR INSUFFICIENT PROOF AND FAILURE TO PROSECUTE[1]**

On December 29, 2016, Regina Foster filed a petition seeking compensation under the National Vaccine Injury Compensation Program on behalf of her minor child, H.G.[2] The Petition alleged that the human papillomavirus ("HPV") vaccines that H.G. received on October 29, 2014,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

FedEx 8104 2438 6325

January 5, 2015, February 4, 2015, and November 11, 2015, caused her to suffer from postural orthostatic tachycardia syndrome ("POTS"). *See* Petition ("Pet.") at 1.

The first five months of the case were dedicated to filing complete medical records. The parties filed the Joint Statement of Completion on May 1, 2017 (ECF No. 11). Thereafter, on June 16, 2017, Respondent filed her Rule 4(c) Report. That Report contested the appropriateness of an entitlement award. *See* Rule 4(c) Report, dated June 16, 2017 (ECF No. 12). Respondent specifically contended that the medical records did not firmly conclude that H.G. was suffering from POTS, and further asserted that Petitioner had not offered preponderant evidence that the HPV vaccine was the cause of H.G.'s symptoms. *Id.* at 15-18.

During a status conference held on July 11, 2017, I expressed concern with regard to Petitioner's causation theory given the lack of support in the Vaccine Program for an HPV-induced POTS injury (and given the lack of a firm diagnosis from H.G.'s treaters). I thus ordered Petitioner to file an expert report in support of her claim specifically connecting her alleged causation theory to the medical facts alleged in her petition on or before September 29, 2017. *See* Non-PDF Scheduling Order, dated July 11, 2017.

An additional status conference was held on October 13, 2017, to discuss Petitioner's progress in obtaining an expert report, in light of counsel's request for an extension of time to file the report (ECF No. 14). At this time, Petitioner's counsel indicated a possible intent to withdraw from the case given the claim's overall weaknesses. I thus directed counsel to file a status report on or before November 3, 2017, indicating if he planned to withdraw from the case, and also to propose a deadline to file the outstanding expert report, no later than the end of the year (or December 31, 2017). Counsel filed a formal motion to withdraw on November 3, 2017, which I granted (ECF No. 29). Counsel also indicated that Petitioner intended to proceed with her claim, but did not offer any additional statements concerning the past-due expert report. *See* Status Report, dated Dec. 8, 2017 (ECF No. 21).

Following counsel's withdrawal, I held a status conference with Petitioner, at which time I explained to her my overall concerns regarding her claim's viability. *See* Order, dated Dec. 15, 2017 (ECF No. 23). During the conference, I agreed to extend Petitioner's deadline to file the expert report (originally ordered in July 2017) until March 30, 2018. I cautioned Petitioner that I would not extend the deadline any further.

Petitioner entirely missed the March 30, 2018, deadline. Thus, on April 4, 2018, I ordered Petitioner to file her expert report immediately. *See* Order, dated Apr. 4, 2017 (ECF No. 31). After Petitioner ignored that deadline as well, I directed Petitioner to show cause immediately why her case should not be dismissed for failure to comply with my orders. *See* Order to Show Cause, dated

Apr. 13, 2018 (ECF No. 32). Despite this Order, Petitioner still has not filed her expert report, nor filed a response of any kind to my show cause Order.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Petitioner had several chances to offer an expert report or other evidence that would support her claim, and she failed to submit such evidence into the record. It is therefore appropriate to dismiss the claim for failure of proof.

In addition, Petitioner's claim must be dismissed due to her repeated failures to comply with my orders. A petitioner's inaction and failure to abide by court orders risks dismissal of a claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner ignored a deadline set by an Order I issued, and then ignored a second warning that the case would soon be dismissed if she again failed to respond. In each instance I provided her with more than enough time to contact my chambers or file some kind of status report. She was therefore on ample notice of the risks she took not taking my orders seriously. In total, Petitioner was allowed more than <u>nine</u> months to file an expert report, but failed to do so.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite judgment by filing a joint notice renouncing their right to seek review.